UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------ x

UNITED STATES OF AMERICA,           :     Docket No. CR 08-76

      - against -                                   :

                                                          :     **REQUEST FOR DISCOVERY**

DOMENICO CEFALU,

                                                          :

      Defendant.

                                                          :

------------------------------------------------------ x

      Pursuant to Rules 7 and 16 of the Federal Rules of Criminal Procedure, we hereby request on behalf of defendant DOMENICO CEFALU the following be made available on or before March 13, 2008. Given the extraordinary nature of the case, we would appreciate partial, interim access and production:

## DOCUMENT REQUEST

1. All written and recorded statements made by DOMENICO CEFALU and co-defendants, including the substance of any oral statement made by DOMENICO CEFALU or co-defendants, whether before or after arrest, in response to interrogation by any person then known to DOMENICO CEFALU or co-defendants to be a government agent, or in response to any government official, including but not limited to, the District Attorney's Office, Federal Bureau of Investigation ("FBI"), and confidential informants.

2. All documents and objects of any sort which are in the possession, custody, or control of the government and are intended for use by the government in evidence in chief at the trial or were obtained from or belonging to DOMENICO CEFALU or co-defendants.

3. All results or reports of any physical or mental examinations and of scientific tests or experiments made in connection with the case.

4. A list of the names and addresses of all witnesses who the government intends to call in the presentation of its case-in-chief:

    (a)    the full name and address of each such witness;

    (b)    the federal and local arrest and conviction record, including an up-to-date record of dispositions;

    (c)    each threat, promise, assurance, representation, statement of policy, or any other statement made by any governmental authority which would reasonably give hope for lenient treatment or which could be considered

                an inducement to cooperate with the government;

    (d)    each investigation by any law enforcement or regulatory agency which existed after the indictment or during the investigation of this matter;

    (e)    each investigation by any law enforcement or regulatory agency which existed after the indictment or during the investigation of this matter;

    (f)    any jeopardy from any law enforcement agency or regulatory body, including but not limited to, the Department of Justice ("DOJ"), the Department of Treasury, any local District Attorney's office, New York Attorney General's office, and any other governmental agency;

    (g)    any writing reflecting any agreement or understanding with the Federal or State government; if no writing exists, the substance of such agreement or understanding;

    (h)    any records which relate to the subject matter as to which each said witness may testify at trial; and

    (i)    any and all records of monies received by any witnesses from Federal or local law enforcement authorities, and any and all records relating to benefits received under any witness protection program.

5. With respect to electronic surveillance, please provide the following:

    (a)    all orders, warrants, and applications made in connection with any electronic surveillance during the course of the investigation leading to the indictment;

    (b)    duplicates of all tapes made of electronic surveillance during the course of the investigation, and in the first instance those recordings of DOMENICO CEFALU and any reference to him on third-party recordings, whether by wiretap or consensual recordings made by government agents;

    (c)    an index of all recordings, line-sheets, and summaries of recordings to facilitate identifying the more than 500 hours of recordings.

    (d)    transcript of all conversations intercepted through electronic surveillance during the course of the electronic surveillance;

    (e)    all contemporaneous records, including logs and memoranda, made during the course of the electronic surveillance;

    (f)    any and all reports reflecting the manner and execution of electronic surveillance during the course of the investigation;

    (g)    identity of all law enforcement personnel who participated in the conduct

of the electronic surveillance; and

(h) all orders of termination, including applications and reports in support of the termination.

6. With respect to the execution of search warrants, the inventory filed for each warrant, any photographs, video, or other recordings related to the execution of the warrant.

7. All documents and objects of any sort which are in the possession, custody, or control of the government and are material to the preparation of the defense, including but not limited to, the following:

Re: The Staten Island Cement Company (Counts Ten, Eleven, and Seventy-Six)

(a) All records obtained from Master Mix of Staten Island (now owned by Eastern Trucking Company ("ETC")), and Master Mix of New Jersey, including (1) contracts and closing statements for the purchase and sale of the companies, (2) all federal income tax returns, (3) all financial statements prepared for each company; (4) all accounting records, including general, payable, and receivable ledgers (5) all job records (6) all consensual recordings relating to the extortion allegations.

(b) All records relating to the alleged extortion payments of $60,000 and $100,000, including checks, invoices, petty cash vouchers, and any other records used to generate the funds.

Re: NASCAR Construction Site (Counts Thirty-Eight and Thirty-Nine)

(a) All records obtained from Andrews Trucking Co., Dump Masters, Racine Trucking Co., and any other company used by or under the control of John Doe #4 at the NASCAR Construction site including (1) contracts and closing statements for the purchase and eventual sale of the companies, (2) all federal income tax returns, (3) all financial statements prepared for each company; (4) all accounting records, including general, payable, and receivable ledgers.

(b) All records obtained from the New York State Department of Environmental Conservation ("DEC"), the NYC Department of Environment Protection ("DEP"), the United States Environmental Protection Agency ("EPA"), the NYC Department of Buildings ("DEB") and any other governmental agency concerning the regulation of the dumping, land-fill operation and construction at the proposed NASCAR race track.

(c) All records obtained from the DEC, the EPA, the DEP, the DEB concerning the operation and licensing of Andrews Trucking, Dump Masters, Racine Trucking Co., and any other company used by or under the control of John Doe #4 at the proposed NASCAR race track.

    (d)    All records obtained from the International Speedway Corporation ("ISC") concerning the proposed NASCAR race track construction contract, including contracts issued from ISC to third-party companies engaged in filling the land on-site, and any litigation records arising out of disputes concerning the land-fill and construction the at the proposed NASCAR race track.

    (e)    All records obtained from the NYS Attorney General's Office and the NYC Police Department concerning the operation of Andrews Trucking, Dump Masters, Racine Trucking Co. and any other company used by or in the control of John Doe #4 at the proposed NASCAR race track.

    (f)    All records obtained from Racine Trucking Company ("RTC").

8.    All charts, diagrams or other similar documents, including but not limited to, the charts of Organized Crime families.

## EXPERT REQUEST

9.    A summary of any expert testimony the Government intends to offer in its case-in-chief, the curriculum vitae of the expert witness, and the prior testimony the witness has given in court proceedings as an expert witness.

## OTHER CRIMES, WRONG, OR ACTS

10.    State whether the Government intends to offer proof of other crimes, wrongs, or acts, and if so, provide the general nature of such evidence, including the date, time, and place of occurrence. See Federal Rule of Evidence § 404(b).

## EXCULPATORY EVIDENCE

11.    Set forth all information and evidence which would tend to exculpate the guilt of DOMENICO CEFALU, mitigate the degree of the evidence, or reduce the punishment, including but not limited to, the following;

    (a)    Any information or evidence which would tend to indicate that DOMENICO CEFALU never met John Doe #4 or anyone associated with the Staten Island Cement Company referred to in the Indictment.

    (b)    Any information or evidence which would tend to indicate that DOMENICO CEFALU never met John Doe #4 or anyone associated with the proposed NASCAR race track referred to in the Indictment.

    (c)    Any information of evidence that John Doe #4 was never induced or harbored any fear to make payments of money "through the wrongful use of actual and threatened force, violence or fear" as alleged in the Indictment.

(d) Any information or evidence that John Doe #4 was instructed to instigate, induce, and encourage the defendants to solicit monies from him solely for the purpose of satisfying law enforcement officials demands.

## REQUEST FOR PARTICULARS

## WITH RESPECT TO THE "INTRODUCTION"

12. As to ¶ 13 state approximately <u>when</u> it is alleged that DOMENICO CEFALU became a "soldier, captain and acting boss in the Gambino family," and set forth the evidentiary basis (such as wiretapped conversations) for the allegation that DOMENICO CEFALU was also know as "The Greaseball."

## WITH RESPECT TO COUNT ONE

13. State approximately <u>when</u> it is alleged that DOMENICO CEFALU entered the 33-year alleged conspiracy, and briefly identify what racketeering acts he benefited from and/or participated in to further the RICO conspiracy.

14. State (a) whether DOMENICO CEFALU caused and/or aided and abetted within the meaning of 18 U.S.C. § 2, the commission of the following racketeering acts, and if so, briefly describe DOMENICO CEFALU'S alleged role in the specific racketeering act; and (b) briefly explain <u>how</u> each alleged racketeering act are related to the enterprise rather than separate isolated acts:

| Racketeering Act | Description |
| --- | --- |
| ONE: | The Murder of Albert Gelb |
| TWO: | The Murder of Michael Cotillo |
| THREE: | The Murder of Salvatore Puma |
| FOUR: | Cocaine Distribution |
| FIVE: | Marijuana Distribution |
| SIX: | The Murder of Louis DiBono |
| SEVEN: | The Robber/Felony Murder of Jose Rivera |
| EIGHT: | Extortion of John Doe #1 |
| NINE: | Extortion of John Doe #2 and John Doe #3 |
| TEN: | Securities Fraud involving Ashton |
| ELEVEN: | Robbery of Papavero Funeral Home |
| TWELVE: | The Murder of Robert Arena and Thomas Maranga |
| THIRTEEN: | The Murder of Thomas Maranga |
| FOURTEEN: | Marijuana Distribution |
| FIFTEEN: | Extortion of John Doe #1 |
| SIXTEEN: | Extortion of John Doe #4 (trucking) |
| SEVENTEEN: | Extortion of John Doe #1 |
| EIGHTEEN: | Extortion of John Doe #1 |
| NINETEEN: | Extortion Extension of Credit |
| TWENTY: | Theft of Union Benefits / Mail Fraud |
| TWENTY-ONE: | Theft of Union Benefits / Mail Fraud |
| TWENTY-TWO: | Extortionate extensions of credit |

| | |
|---|---|
| TWENTY-THREE: | The Murder of John Doe #5 |
| TWENTY-FOUR: | Extortion Staten Island Cement Company |
| TWENTY-FIVE: | Theft of Union Benefits / Mail Fraud |
| TWENTY-SIX: | Theft of Union Benefits / Mail Fraud |
| TWENTY-SEVEN: | Theft of Union Benefits / Mail Fraud |
| TWENTY-EIGHT: | Extortion of Mayrich Construction Site |
| TWENTY-NINE: | Extortion of ADCO Electrical Corp. Debt |
| THIRTY: | Extortion of Pump Truck |
| THIRTY-ONE: | Extortion of El Camino Trucking Dept. |
| THIRTY-TWO: | Extortion of Construction List |
| THIRTY-THREE: | Illegal Gambling – Bookmaking |
| THIRTY-FOUR: | Bribery, Embezzlement, and Mail Fraud |
| THIRTY-FIVE: | Extortion of John Doe #6 |
| THIRTY-SIX: | Theft of Union Benefits/Mail Fraud |
| THIRTY-SEVEN: | Theft of Union Benefits/Mail Fraud |
| THIRTY-EIGHT: | Extortion of NASCAR Construction Site |
| THIRTY-NINE: | Extortion of Excavation Company |
| FOURTY: | Extortion of the Cracolici Dispute |
| FOURTY-ONE: | Extortion of John Doe #7 |
| FOURTY-TWO: | Extortion of John Doe #8 |
| FOURTY-THREE: | Extortion of John Doe #9 |
| FOURTY-FOUR: | Extortion of Liberty View Harbor Construction Site |
| FOURTY-FIVE: | Money laundering of proceeds from John Doe #4 |
| FOURTY-SIX: | Extortion of John Doe #10 |
| FOURTY-SEVEN: | Extortion of John Doe #11 |
| FOURTY-EIGHT: | Extortion of Staten Island Recycling Facility |
| FOURTY-NINE: | Extortion of John Doe #4 and John Doe #12 |
| FIFTY: | Bribery, Mail Fraud, Embezzlement of Laborers' Local 731 |
| FIFTY-ONE: | Illegal Gambling |
| FIFTY-TWO: | Theft of Union Benefits and Mail Fraud |
| FIFTY-THREE: | Theft of Union Benefits and Mail Fraud |
| FIFTY-FOUR: | Extortion of Staten Island Cement Company |
| FIFTY-FIVE: | Extortion of Cement Powder Deliveries |
| FIFTY-SIX: | Extortion of Cement Company Sale |

## WITH RESPECT TO COUNTS TWO THRU EIGHTY

15. State whether DOMENICO CEFALU caused and/or aided and abetted within the meaning of 18 U.S.C. § 2, the commission of the crimes alleged in these Counts, and if so, briefly describe DOMENICO CEFALU'S alleged role alleged role in the specific Count.

    WHEREFORE, defendant DOMENICO CEFALU requests that the above information be furnished no later than March 13, 2008.

Dated: February 28, 2008

                                               *Joseph W Ryan JR.*
                                          JOSEPH W. RYAN, JR., P.C.
                                          Attorneys for Defendant
                                          DOMENICO CEFALU
                                          1425 RexCorp Plaza
                                          Uniondale, NY 11556
                                          (516) 663-6515

TO:
Honorable Benton J. Campbell
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11021

Attention: AUSA Daniel D. Brownell

-7-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------ x

UNITED STATES OF AMERICA,               :     Docket No. CR 08-76

    - against -                                     :

                                                  **FIRST SUPPLEMENTAL**
                                    :     **REQUEST FOR DISCOVERY**

DOMENICO CEFALU,
                                              :

              Defendant.
                                                :

------------------------------------------------------ x

        Pursuant to Rules 7 and 16 of the Federal Rules of Criminal Procedure and the Order of March 14, 2008 requiring "forthwith" discovery on a "rolling" basis, we hereby request on behalf of defendant DOMENICO CEFALU the following:

**DOCUMENT REQUEST**

        16. With respect to the Notice of intercepted conversations annexed hereto as Exh. "A," all recordings and transcripts of the intercepted conversations; all applications, orders, and sealing records made pursuant to NY CPL §700 et seq.; all logs and other contemporaneous records made during the period of the eavesdropping; all visual surveillance information such as photographs, video recordings, and reports of the meetings consensually recorded –whether or not intended to be offered into evidence.

        17. With respect to the consensual recorded conversations identified in the Government's letter dated March 26, 2008, annexed hereto as Exh. "B," please provide all visual surveillance information, including photographs, video recordings, and reports of the meetings recorded –whether or not intended to be offered into evidence

1

18. With respect to the consensual recorded conversations identified in the Government's letter dated March 26, 2008, annexed hereto as Exh. "B," please provide all transcripts—whether or not in draft form.

19. All GPS tracking records of vehicles operated by DOMENICO CEFALU, including (a) Tan 2003 Jeep Sahara bearing New Jersey Registration RTJ-81F, referred to in Exh. "A" and (b) the 1999 Lexus vehicle registered to DOMENICO CEFALU.

20. All documents obtained from or belonging to the following entities: Clean Earth, Inc.; North American Testing Co.; EnviroTransportation Services, LLC ; 380 Development, LLC; International Speeedway Corp.; Andrews Trucking Co.; Racine Trucking; Dump Master Trucking Co.; U.S. Concrete Co.; and Eastern Concrete Co.

21. All documents obtained from or belonging to the following governmental agencies: NYC Department of Environmental Control; NYS Department of Environmental Protection; NYC Business Integrity Commission; the U.S. Office of Labor Racketeering and Fraud.

22. With respect to the criminal record of DOMENICO CEFALU, please provide all records maintained by the FBI and NYSID concerning criminal history.

WHEREFORE, defendant DOMENICO CEFALU requests that the above information be furnished in accordance with the Court's March 14, 2008 Order.

Dated: April 4, 2008

*Joseph W. Ryan JR.*
JOSEPH W. RYAN, JR., P.C.
Attorneys for Defendant
DOMENICO CEFALU
1425 RexCorp Plaza
Uniondale, NY 11556
(516) 663-6515

TO:
Honorable Benton J. Campbell
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11021

Attention: AUSA Daniel D. Brownell

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------ x

UNITED STATES OF AMERICA,  :  Docket No. CR 08-76

    - against -  :

                                             **SECOND SUPPLEMENTAL**
                                          :  **REQUEST FOR DISCOVERY**

DOMENICO CEFALU,

        Defendant.  :

------------------------------------------------------ x

        Pursuant to Rules 7 and 16 of the Federal Rules of Criminal Procedure, the Court Order, dated March 14, 2008, requiring "forthwith" discovery on a "rolling" basis, and the Court's direction on April 9, 2008, we hereby request on behalf of defendant DOMENICO CEFALU the following:

## DOCUMENT REQUEST

Re: The April 7, 2008 Discovery letter, Item #149 - 152

23. Unredacted Applications for New York State Organized Crime Task Force eavesdropping Warrants.

24. Transcripts of all conversations obtained by the eavesdropping "bug."

25. Mechanically enhanced recordings of the "bugged" conversations.

## PARTICULARS

26. State what amount the Government claims was received by DOMENICO CEFALU from: (a) the $60,000 allegedly extorted from the Master-Mix of Staten Island, Inc. conspiracy, (b) the $13,000 NASCAR race track conspiracy,

and (c) the $100,000 from the Master-Mix of Staten Island, Inc. conspiracy.

WHEREFORE, defendant DOMENICO CEFALU requests that the above information be furnished in accordance with the Court's March 14, 2008 Order and April 9, 2008 direction.

Dated: April 17, 2008

*Joseph W. Ryan JR.*
JOSEPH W. RYAN, JR., P.C.
Attorneys for Defendant
DOMENICO CEFALU
1425 RexCorp Plaza
Uniondale, NY  11556
(516) 663-6515

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x

UNITED STATES OF AMERICA,  :   Docket No. CR 08-76

    - against -  :

                       **THIRD SUPPLEMENTAL**
:   **REQUEST FOR DISCOVERY**

DOMENICO CEFALU,
                      :

    Defendant.
                      :
------------------------------------------------------ x

        Pursuant to Rules 7 and 16 of the Federal Rules of Criminal Procedure, the Court Order, dated March 14, 2008, requiring "forthwith" discovery on a "rolling" basis, and the Court's direction on April 9, 2008, we hereby request on behalf of defendant DOMENICO CEFALU the following:

### DOCUMENT REQUEST

**Re: The April 7, 2008 Discovery letter, Item #149 - 152**

27. All conversations intercepted by the "bug" installed on the JEEP between June 1, 2007, and the expiration of the interception---whether or not the participant was Domenico Cefalu; and all records maintained when monitoring the "bug" as required by NY CPL § 700, the Court authorizations requiring "progress reports on a bi-weekly basis," and copies of log entries ("Daily Plant Summaries") (Item #149-152, 153-54).

28. The entire recording and transcript of the conversation quoted in the August 10, 2007 Application for renewal of the "bug" installation at page 22 of the Affidavit of Special Investigator George Gundluch of the OCTF (Item # 151).

29. The Application for the Eavesdropping Warrant issued on or about December 7, 2006, and made Exhibit "1" of the May 14, 2007 Application for an Eavesdropping Warrant. (Item # 149).

1

30. The Application and Order authorizing the installation of the "bug" issued by the Hon. Lawrence Lawson, Judge of the Superior Court of New Jersey and referred to in paragraph 12 of the Affidavit of Special Investigator George Gundluch of the OCTF (Item # 150).

31. All records of the Global Positioning System Device installed on the JEEP pursuant to Court Orders (Items ## 149, 150, 151, and 152).

WHEREFORE, defendant DOMENICO CEFALU requests that the above information be furnished 'forthwith" and on a "rolling" basis in accordance with the Court's March 14, 2008 Order and April 9, 2008 direction.

Dated: April 21, 2008

*Joseph W. Ryan JR.*
JOSEPH W. RYAN, JR., P.C.
Attorneys for Defendant
DOMENICO CEFALU
1425 RexCorp Plaza
Uniondale, NY 11556
(516) 663-6515

2