44. Additionally, as discussed above, although a confidential informant has provided information concerning the instant investigation and targets thereof, at this time there is a limit to what objectives can be accomplished as a result of receiving this information. That is, the CI does not have knowledge or information relating to the full extent of the illegal activities described in this affidavit and cannot gain such information based on the CI's relationships with the subjects without arousing suspicion. Further, he is limited to meeting with people designated by Calvo and only regarding agendas set by Calvo.

45. Wherefore, I respectfully request that the Eavesdropping Warrant for the Calvo cell phone be granted in the form annexed.

JONATHAN MELLONE
Special Agent DOL/OIG

Sworn to before me this
15th day of April, 2005

Notary Public

MARY A. MILLS
Notary Public, State of New York
No. 4755324
Qualified in Putnam County
Commission Expires September 30, 2006

# Exhibit Two

**SETH GINSBERG**
ATTORNEY AT LAW

April 22, 2008

<u>Via ECF</u>
A.U.S.A. Joseph Lipton, *et. al.*
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>*United States v. Agate, et. al*</u> 08 Cr. 76 (JBW)

Dear Mr. Lipton:

This letter is submitted jointly on behalf of Gino Cracolici, Anthony, Licata, and William Scotto to request discovery and particulars, pursuant to Fed. R. Crim. P. 7, 12 and 16, Local Rule 16.1, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, in lieu of a formal motion that might unnecessarily burden the Court. If we disagree as to whether we are entitled to particular items, we can ask the Court to intervene.

## DEFINITIONS AND INSTRUCTIONS

The materials we seek are reasonable and necessary to prepare our defense. They include items in the possession, custody or control of the United States Attorney and other government agencies – federal, state, city and local – or within their access or control. If the government does not have a requested item, please state that the item does not exist or is not within its possession. If the government knows that a requested item exists but does not have it in its possession, please disclose the item's whereabouts. As used here, the term "document" means any tangible thing that (1) contains, reflects, is capable of reproducing or of having reproduced from it – either visually or orally – language, numbers or pictures, and (2) relates or refers, in any manner, to the allegations of the Indictment and the matters it describes. With these parameters in mind, please furnish the following:

## RULE 16 AND OTHER PRETRIAL MATERIALS

1.   To the extent not already provided, please permit the defense to inspect, copy and photograph any written or recorded statements made by defendants,[1] their agents, or

---

[1] As used herein the terms "defendant" and "defendants" shall be read to apply to either the singular or the plural as necessary to give the fullest effect to these requests.

225 BROADWAY, SUITE 715, NEW YORK, NEW YORK 10007   TELEPHONE 212-537-9202   FAX 646.607.8597   SRGINSBERG@MAC.COM

A.U.S.A. Joseph Lipton
April 22, 2008
Page 2 of 17

alleged coconspirators – including copies and records containing their substance – that are (a) within the government's possession, custody or control and (b) known, or through the exercise of due diligence should be known, to government counsel. In this regard, we specifically request that government counsel inquire of all law enforcement personnel known to have participated in the investigation and indictment of this case, as well as potential prosecution witnesses and others who gave the government information (identifying those personnel, witnesses, or others), whether they know of any written or recorded statements by defendants and, if so, to make them available promptly.

2. In addition, kindly provide the substance of any oral statement by defendants, their agents or alleged coconspirators to be offered at trial. In complying with this request, please make a conscientious effort to determine whether anyone acting on the government's behalf knows of any other oral statements purportedly made by defendants, any agent, or alleged coconspirator.

3. Defendants request permission to inspect, copy and photograph all books, news articles, papers, documents, pictures, tangible objects, buildings, places or copies of portions thereof, which are (a) within the government's possession, custody or control, (b) known, or with the exercise of due diligence should be known, to government counsel, and which are (c) material to preparing the defense, (d) intended for use as evidence-in-chief, or (e) were obtained from or belong to defendants. This request includes documents in the possession of cooperating witnesses. It also includes all documents that will be relied on or referred to in the government's case-in-chief, not just those that will be marked or offered as evidence. In short, this request is coextensive with Fed. R. Crim. P. 16.

4. Defendants also seeks to inspect, copy and photograph any results or reports of physical or mental examinations, scientific tests or experiments or copies thereof, which are (a) within the government's possession, custody or control, (b) known or reasonably may become known to government counsel and (c) material to preparing our defense or intended for use as evidence-in-chief. This request includes not only reports and similar documents to be offered as evidence, but also all such documents that are "material to the preparation of the defense." *See* Fed. R. Crim. P. 16. If the government has or acquires reports or similar documents that it does not intend to offer, please seek a court ruling, *ex parte* if necessary, to determine whether they are discoverable as "material to the preparation of the defense."

5. Defendants request an opportunity to inspect and copy all records, statements, interview notes, tape recordings, alleged admissions or confessions – signed or unsigned, oral or written – attributed to or taken from defendants or alleged coconspirators, which are (a) within the government's possession, custody or control and (b) known, or with the exercise of due diligence should be known, to government counsel.

6. Please designate, by name and address, the witnesses the government intends to call at trial, including any "experts" within the meaning of the Federal Rules of Evidence. In addition, please disclose any reports, studies or other data upon which such "expert(s)"

A.U.S.A. Joseph Lipton
April 22, 2008
Page 3 of 17

will rely. Finally, please identify, by name and address, any witnesses whom the government does not intend to call but believes to have knowledge or information regarding the charges.

7. Kindly provide a written summary of any testimony-in-chief to be offered under Fed. R. Evid. 702-05. This summary should describe the witnesses' qualifications and opinions, along with the bases and reasons for them.

8. With respect to each prospective government witness and immediate family members, specify any criminal charges or tax proceedings that (a) could be brought by the government or other law enforcement or self-regulatory agency, but (b) have not been or may not be brought, or (c) the witness believes will not or may not be brought, because s/he is cooperating or has cooperated with the government or for any other reason. Include copies of all memoranda of understanding between the government and its witnesses, whether by way of letter from the witness's attorney or otherwise.

9. Kindly list the exhibits the government intends to use at trial, supplementing it as necessary.

10. Please produce all documents and other evidence reflecting drug and alcohol use, abuse or dependency by any prospective government witness. This request includes records reflecting treatment in any federal, state, city, military or private drug or detoxification program.

11. Please produce all documents and other evidence reflecting any physical or mental disease, disability or disorder affecting any prospective government witness. This request includes hospital or other treatment records.

12. Please produce all documents and other evidence regarding any polygraph examinations administered to prospective government witnesses.

## BRADY MATERIAL

13. To the extent not covered by another Request herein, please identify, by name and address, anyone the government knows to have relevant information regarding the facts of this case. We also request all relevant *Brady, Giglio, Agurs, Bagley, Kyles, Strickler* and *Banks* material.[2] This request includes any evidence that is exculpatory in nature or favorable to defendants, *i.e.*, evidence tending to negate guilt or mitigate punishment. By "evidence," we mean copies of all documents, statements or other evidence – including written summaries of oral statements and evidence – known or reasonably available from

---

[2] See *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Strickler v. Greene*, 527 U.S. 263 (1999); *Banks v. Dretke*, 124 S. Ct. 1256 (2004).

A.U.S.A. Joseph Lipton
April 22, 2008
Page 4 of 17

investigating agents, witnesses or others interviewed during the investigation. In this regard, please disclose all records and information that may be helpful or useful in impeaching witness credibility, including evidence of prior misconduct. Identify, by name, address and telephone number, anyone who knows or may know of such favorable or exculpatory information, or who may help lead to its discovery. Absent some compelling reason to withhold this information, defendants request immediate disclosure to permit full exploration and exploitation. *See, e.g., Grant v. Alldredge*, 498 F.2d 376, 382 (2d Cir. 1974); *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001); *United States v. Gil*, 297 F.3d 93 (2d Cir. 2002); *United States v. Shvarts*, 90 F. Supp. 2d 219 (E.D.N.Y. 2000) (Glasser, J.).

14. Please provide copies of the following documents – federal, state or local – involving each prospective government witness and immediate family members: indictments, complaints, arrest records and reports, hearing transcripts or other charging instruments. Also provide records reflecting any federal, state or local disciplinary actions. Specify which counts or actions have been the subject of guilty pleas, convictions, dismissals or understandings to dismiss in the future. State when, and before which judicial officers, any guilty pleas were taken. If the prosecution does not have or cannot reasonably obtain such documents, provide sufficient information – including dates, places, charges and disposition – for the defense to identify them. List all other criminal proceedings in which any potential government witness either participated as a witness or was designated an aider and abettor or unindicted coconspirator. With respect to each prospective government witness and immediate family members, identify – to the extent not covered by Request 8 – all charges that could be, but have not been or may not be brought on account of the person's cooperation or for other equivalent reasons.

15. To the extent not covered by Request 8, include copies of all memoranda of understanding between the government and its witnesses, whether by way of letter to the witness's attorney or otherwise. Enumerate, by date and amount, all inducements, promises, payments, fees and agreements with or to any potential government witness. Provide all information that may bear on witness credibility, including (a) relationships with any federal, state or city agents or agencies and (b) any informant or other acts or services performed at the government's request or with its knowledge or acquiescence. This request embraces inducements, promises or benefits conferred on third parties – including spouses and other relatives – at the behest of any potential prosecution witness. List all requests, demands or complaints made by the witness to the government that arguably could be developed on cross-examination to demonstrate a hope or expectation of favorable action or treatment (whether or not the government has agreed to take any favorable action).

16. With respect to each prospective prosecution witness, provide copies of all medical, psychiatric and drug treatment records – and all other documents and information known or reasonably accessible to the government – that may arguably affect credibility, including the ability to perceive, recall or relate events. This request includes relevant documentary or other evidence – *e.g.,* hospital or other treatment records – suggesting

A.U.S.A. Joseph Lipton
April 22, 2008
Page 5 of 17

that any potential witness or immediate family member (a) suffers or suffered from physical or mental disease, disability or disorder or (b) used, depended on or was addicted to drugs or alcohol. This request also includes records reflecting treatment in any drug or detoxification program, whether federal, state, local, territorial, or military.

17. Provide all information tending to demonstrate (a) actual or arguable inconsistencies between statements made by a declarant himself or the declarant and others or (b) denial or lack of knowledge by a witness about the facts of this case or the guilt or innocence of defendants. This request includes any statements or documents – *e.g.*, grand jury and trial testimony – made or executed by any potential prosecution witness that the government knows, or reasonably should know, is false, misleading, or omits material facts. The law is clear that it is for the defense – not the prosecutor – to decide what evidence is exculpatory within *Brady*'s purview. Accordingly, any doubt as to an item's exculpatory value should be resolved in favor of disclosure.

18. To the extent not covered by Requests 8 and 15, defendants seek to inspect and copy all documents, memoranda, agreements, contracts, *etc.* concerning promises of leniency or agreements of immunity – either *de facto* or statutory (*see, e.g.,* 18 U.S.C. § 6001 *et seq.*) – as to any person or entity connected to this case, which are (a) within the government's possession, custody or control and (b) known or reasonably may become known to government counsel.

19. Defendants also request copies of all documents, agreements, memoranda, contracts, *etc.* reflecting monetary payments to, or the receipt of other things of value by, individuals or entities that assisted law enforcement, prosecutorial or administrative agencies – state, federal or otherwise – in connection with this case. These documents are sought for assistance provided in this case or any other.

20. To the extent not covered by Requests 8, 15 and 18, please disclose the substance of any oral promises, inducements, agreements, *etc.* – contingent or otherwise – made by any state or federal law enforcement representative to/with any person or entity who either will testify in this case or is otherwise connected to it. In complying with this request, please ask all law enforcement agents connected to the case – including, *inter alia*, agents of the Federal Bureau of Investigation – whether any such oral (or written) promises, inducements, agreements, *etc.* have been extended.

21. Please disclose any actions, promises or efforts – formal or informal – by any government agent to obtain benefits for any potential prosecution witness or immediate family members, or for any business entity employing the witness – as a director, trustee, partner, member or otherwise – or in which the witness holds stock. This request includes, but is not limited to, (a) letters informing anyone of the witness' cooperation; (b) recommendations concerning federal or state aid, benefits or tax matters; (c) recommendations concerning licensing, certification or registration; (d) promises to help advance, or not to jeopardize, a witness' business, professional or employment status; (e) aid or efforts in securing or maintaining, or promises not to jeopardize, business or

A.U.S.A. Joseph Lipton
April 22, 2008
Page 6 of 17

employment; (f) aid or efforts concerning a new identity for the witness and his family, and all other actions incident thereto; (g) direct monetary payments or subsidies to the witness and family; and (h) all other activities, efforts or promises similar or related to items (a)-(g) above.

22. To the extent not covered by Requests 19 and 21, please produce copies of all agreements, contracts, memoranda or other documents reflecting promises to aid, protect or relocate any individual or family member who assisted any law enforcement or administrative agency – state or federal – in connection with this case. These agreements are sought for information provided in this case or any other.

23. Please identify the name and date of birth of any confidential informant who provided information to the government that is inconsistent with the charges in the Indictment.

24. Please provide transcripts of all oral, radio, or wire communications intercepted by mechanical, electronic eavesdropping, or other device used in conjunction with, or relating to, this case that (a) are exculpatory in nature or favorable to defendants; (b) may be used by defendants to impeach the credibility of any witness the government intends to call at trial; or (c) are otherwise inconsistent with the charges in the Indictment.

## SEARCH, SEIZURE AND RELATED MATERIAL

25. Defendants request the opportunity to inspect and copy all records, schedules, bills and other documents reflecting telephone calls, toll call records or telephone charges over any instrument in which defendants maintained a possessory interest or the government knew or believed they/he used, which are (a) within the government's possession, custody or control and (b) known, or with due diligence should be known, to government counsel.

26. Please produce all applications (including supporting documents and exhibits), affidavits, testimony, inventories, and orders seeking, granting or denying judicial permission to physically search any person or premises relating to this case, which are (a) within the government's possession, custody or control and (b) known, or reasonably may become known, to government counsel.

27. Kindly divulge all documents, objects and other tangible things obtained by physical search or seizure of any person or place, with or without prior judicial authorization, which are (a) germane to this case, (b) within the government's possession, custody or control and (c) known, or with due diligence should be known, to government counsel. In particular, please copy and immediately produce any documents seized from the person or property of defendants, their agents, or alleged coconspirators.

28. Please disclose whether any pretrial identification procedure was used in this case, including but not limited to photographic displays, lineups, show-ups, *etc.* If so, state the nature and circumstances of the identification procedure, including time, date and place.

Case 1:08-cr-00076-JBW   Document 868   Filed 06/25/08   Page 9 of 19 PageID #: 4035
Case 1:08-cr-00076-JBW   Document 621   Filed 04/23/2008   Page 7 of 17

A.U.S.A. Joseph Lipton
April 22, 2008
Page 7 of 17

      State whether any witnesses were unable to identify defendants, or made a mistaken or uncertain identification.

29. In addition, please disclose all information, documents, reports, orders, affidavits, *etc.* reflecting any "mail cover" operations or examination of the mail of anyone involved in this case, particularly defendants.

30. Also disclose all information, documents, reports, orders, affidavits, *etc.* concerning any "pen register" operations – *i.e.*, the use of instruments to record incoming or outgoing telephone numbers – employed in the investigation, which are (a) within the government's possession, custody or control and (b) known, or with due diligence should be known, to government counsel.

31. Please produce all photographs (still photography), video recordings, or motion pictures made in connection with this case, or relating in any manner to the case, which are (a) within the government's possession, custody or control and (b) known or reasonably may become known to government counsel.

32. Kindly disclose all applications, affidavits, orders or other documents concerning any telescopically enhanced surveillance conducted during the investigation of this case, or relating in any manner to the case, which are known or reasonably may become known to government counsel.

33. Please indicate whether telescopically enhanced surveillance was accomplished without court order, noting relevant dates, times, places, *etc.*

34. Please further disclose all surveillance reports or memoranda respecting the investigation of this case, or relating in any manner to the case, which are (a) in the government's possession, custody or control and (b) known, or with the exercise of due diligence should be known, to government counsel.

35. Finally, kindly disclose all court authorized or non-court authorized observations of defendants by law enforcement officers from (a) airplanes, helicopters or other airborne devices and (b) property owned or leased by defendants, or in which defendants had a possessory, leasehold, or ownership interest.

## WIRETAPPING, EAVESDROPPING, CONSENSUAL RECORDINGS AND RELATED MATERIALS

36. To the extent not already produced, please provide copies of all documents concerning the use of mechanical or electronic interception devices in the investigation of this case. This request includes applications, affidavits, supplemental affidavits, exhibits, transcripts, testimony, memoranda, warrants, orders, *etc.* that (a) were made, written or issued by any representative of federal, state, or local government, (b) are in the

A.U.S.A. Joseph Lipton
April 22, 2008
Page 8 of 17

        prosecution's possession, custody or control and (c) are known, or reasonably may become known, to government counsel.

37. To the extent not previously produced, also furnish all statements by defendants, agents, alleged coconspirators, or others – whether oral, recorded or written – that (a) were seized by electronic or mechanical means, (b) are within the government's possession, custody or control and (c) are known, or with the exercise of due diligence should be known, to government counsel.

38. In addition, kindly produce all mechanical or electronic tapes and recordings that (a) contain conversations involving defendants, his/their agents, or alleged coconspirators, (b) emanated from any premises or instrument in which defendants possessed a proprietary interest or (c) were made pursuant to a court ordered eavesdropping warrant in which any defendants was named as a target or actually intercepted.

39. To the extent not previously produced, we also seek the following documents made by public servants or duly authorized representatives, which (a) are germane to this case and (b) in any way relate to federal, state, or city wiretapping or eavesdropping: memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic court reports, or other written communications.

40. Please provide schedules as to each type of mechanical, electronic eavesdropping or other device capable of intercepting oral, radio or wire communications used in conjunction with, or relating to, this case.

41. The preceding requests specifically include, but are not limited to, the following items involving state and federal eavesdropping or wiretapping activity:

    a. any and all requests, applications and orders seeking or requiring the sealing of tapes or other recordings;

    b. all requests, applications (whether granted or denied) and orders seeking or granting both initial interceptions and renewals or extensions;

    c. copies of any and all progress reports or orders to make them;

    d. all requests, applications and orders expanding or seeking to expand wiretaps to conversations about crimes beyond the original authorization order;

    e. relevant electronic surveillance logs and similar or related documents;

    f. to the extent not covered by Request 30, relevant documents reflecting the use of pen registers or trap and trace devices;

Case 1:08-cr-00076-JBW   Document 868   Filed 06/25/08   Page 11 of 19 PageID #:
4037
Case 1:08-cr-00076-JBW   Document 621   Filed 04/23/2008   Page 9 of 17

A.U.S.A. Joseph Lipton
April 22, 2008
Page 9 of 17

> g. to the extent not covered by Request 41(e), relevant wiretapping or eavesdropping inventories;
>
> h. copies of any and all transcripts prepared from tapes made in conjunction with, or subsequent to, wiretapping or eavesdropping activity in this case;
>
> i. copies of any and all reports required by 18 U.S.C. § 2519 or state counterparts;
>
> j. copies of all orders served as notice of interception and all documents relevant to extensions or renewals thereof;
>
> k. any orders permitting the interception of radio communications and all tapes made thereunder;
>
> l. any and all transcripts and tapes in the government's possession, custody, or control, the existence of which is known or reasonably may become known, of consensually recorded conversations;
>
> m. to the extent not covered by Request 41(l), all relevant documents reflecting a person's consent to have his or her wire or oral communications intercepted that are (i) in the government's possession, custody, or control and (ii) known or reasonably available to the government;
>
> n. to the extent not covered by another request herein, all applications, requests, or correspondence seeking permission from the U.S. Attorney General or any other law enforcement officer – state or federal – to record consensually wire or oral communications, which are (i) in the government's possession, custody, or control or (ii) reasonably accessible to government counsel; and
>
> o. all customer or subscriber records of defendants obtained under section 2703 of the 1986 Electronic Communications Privacy Act, and any documents authorizing the government to obtain them.
>
> 42. Additionally, with respect to mechanical or electronic surveillance, please disclose the following:
>
> a. Whether any such surveillance was conducted in the absence of a warrant or prior to the issuance of a warrant pursuant to any law, Executive Order, or Congressional Resolution. *See e.g.*, 18 U.S.C. §§ 1801-1811.
>
> b. If any such surveillance was conducted as specified in sub-paragraph (a) above, please produce all relevant documents as requested herein in connection with mechanical and electronic surveillance generally.

Case 1:08-cr-00076-JBW   Document 868   Filed 06/25/08   Page 12 of 19 PageID #:
4039
Case 1:08-cr-00076-JBW   Document 621   Filed 04/23/2008   Page 10 of 17

A.U.S.A. Joseph Lipton
April 22, 2008
Page 10 of 17

43. To the extent not already produced, please provide copies of all films and video recordings made in connection with any of the matters alleged in the Indictment or otherwise related to the case of which the government is aware or through the exercise of due diligence should be aware. As to each such film and video recording, specify the following:

   a. Whether the government intends to introduce it at trial.

   b. The date, time, and location at which it was filmed or recorded.

## MISCELLANEOUS ITEMS

44. If not already provided, please produce copies of any prior criminal records of defendants and alleged coconspirators, stating how, if at all, the government intends to use them at trial.

45. Please give us notice of defendants' other "crimes, wrongs or acts," if any, to be offered under Fed. R. Evid. 404(b). In complying with this request, please identify all such crimes, wrongs or acts by date, time, place and participants. Also state the prosecution's admissibility theory as to each. Finally, kindly disclose any impeachment evidence to be offered, should defendants testify, under Fed. R. Evid. 608-09 so we may seek an advance ruling as to admissibility and potentially overriding prejudice.

46. Please identify, by name, alias, and address, all unindicted coconspirators known to the government.

47. Pursuant to Fed. R. Crim. P. 12, Fed. R. Evid. 104 and defendants' right to a fair trial and effective assistance of counsel, please disclose the existence of the following statements by any defendant, specifying whether the government intends to offer them as evidence-in-chief:

   a. statements as to which defendant manifested an adoption or belief of truth, *see* Fed. R. Evid. 801(d)(2)(B);

   b. statements purportedly authorized or deemed admissions by the defendant, *see* Fed. R. Evid. 801(d)(2)(A)-(C);

   c. statements by agents or servants of the defendant made during the existence, and concerning matters within the scope, of the agency or employment, *see* Fed. R. Evid. 801(d)(2)(D);

   d. statements by alleged coconspirators made during the course and in furtherance of an alleged conspiracy, *see* Fed. R. Evid. 801(d)(2)(E); and

Case 1:08-cr-00076-JBW   Document 868   Filed 06/25/08   Page 13 of 19 PageID #:
Case 1:08-cr-00076-JBW   Document 629   Filed 04/23/2008   Page 11 of 17
4039

A.U.S.A. Joseph Lipton
April 22, 2008
Page 11 of 17

    e. inculpatory statements by defendants or alleged coconspirators raising issues under *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny.

48. State whether the recollection of any prospective government witness was hypnotically refreshed. If so, describe the circumstances of the hypnosis and provide copies of video and audio recordings memorializing the hypnotic procedure.

49. Please produce all correspondence and memoranda of agencies and organizations that participated in investigating this case to the extent they reflect non-privileged factual matter and witness statements. Feel free to redact any privileged matter with appropriate indication.

50. Please list and briefly describe the subject matter of any material used, obtained, or written in connection with the investigation that, for whatever reason, has been lost or destroyed. This request includes rough notes of interviews, reports and memoranda. *See, e.g., United States v. Taylor*, 707 F. Supp. 696, 705 (S.D.N.Y. 1989).

51. Finally, kindly maintain and preserve all relevant notes, reports and recordings, prepared by or for government agents or prosecutors that (a) are now or may later come within the government's possession and (b) whose production is requested in this letter. This request includes documents, papers, tangible objects, video and audio recordings, and all other potential evidence.

## REQUEST FOR PARTICULARS

52. Please supply the following information, necessary to prepare the defense, prevent unfair surprise and avoid successive prosecution for the same crimes,[3] by way of a bill of particulars:

### Count One: Racketeering Conspiracy

53. With respect to Indictment ¶¶ 123-126 specify the following:

    a. The amounts of the payments that John Doe #4 made.

    b. The dates on which such payments were made.

    c. The accounts on which any checks were drawn, the dates, numbers, and payees of such checks.

---

[3] *See, e.g., United States v. Chen*, Nos. 02-1740L, -1759CON, _ F.3d _, 2004 WL 1746611 (2d Cir. Aug. 5, 2004); *United States v. Walsh*, 194 F.3d 37 (2d Cir. 1999); *United States v. Barnes*, 158 F.3d 662 (2d Cir. 1998); *United States v. Torres*, 901 F.2d 205 (2d Cir. 1990); *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988); *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987).

A.U.S.A. Joseph Lipton
April 22, 2008
Page 12 of 17

54. With respect to Indictment ¶¶ 128-129 specify the following:

   a. The known "others" with whom defendants allegedly acted or conspired.

   b. The amount of the debt owed by John Doe #4 to ADCO Electrical Corporation.

   c. The account on which any check was drawn and the payee, date, number, and amount of each check.

   d. The "Act" that would not materially benefit defendants but was calculated to harm John Doe #4 materially, etc.

55. With respect to Indictment ¶ 130 specify the amount of the extension of credit, the date on which it was extended, and the person or entity that extended the credit.

56. With respect to Indictment ¶¶ 136-137 specify the following:

   a. The amount of the money allegedly obtained from John Doe #4.

   b. The date on which the money was paid and to whom it was paid.

   c. The form in which the money was paid, *i.e.* cash, check, or otherwise.

   d. The amount of the debt owed to El Camino Trucking.

   e. The "Act" that would not materially benefit defendants but was calculated to harm John Doe #4 materially, etc.

57. With respect to Indictment ¶ 138 specify the amount of the extension of credit, the date on which it was extended, and the person or entity that extended the credit.

58. With respect to Indictment ¶¶ 156 specify the following:

   a. The others with whom defendant acted.

   b. The amount of money defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

   c. The amount of money defendant abstracted or converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

   d. The amount of the funds defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

A.U.S.A. Joseph Lipton
April 22, 2008
Page 13 of 17

    e. The amount of the funds defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    f. The securities defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

    g. The securities defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    h. The amount of premiums defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

    i. The amount of premiums defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    j. The amount of credits defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

    k. The amount of credits defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    l. The property defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

    m. The property defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    n. The other assets defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

    o. The other assets defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    p. The funds connected to the employee benefit plans referenced in the Indictment.

    q. With respect to each of the above, specify the member of the International Brotherhood of Teamsters Local 282 and/or other non-union person who performed the services that gave rise to any money, funds, securities, premiums, credit, property, and other assets that defendant is alleged to have converted or otherwise misappropriated from the Union.

59. With respect to Indictment ¶¶ 157-159 specify the known "others" with whom defendants allegedly acted or conspired. In addition, specify the following:

A.U.S.A. Joseph Lipton
April 22, 2008
Page 14 of 17

    a. The "scheme and artifice" employed.

    b. The names of the employees covered by labor contracts with Local 282 from whom the "scheme and artifice" was designed to defraud and obtain money.

    c. The employees on whose behalf contributions were made to Local 282 and the amounts and dates of such payments.

    d. The names of the employees in whose name defendant allegedly submitted false information regarding the number of hours worked.

    e. The dates on which such employees allegedly worked that were not reported.

    f. The dates on which remittance reports were placed in the mail.

    g. The accounts on which checks were drawn, the amounts of such checks, the number on each such check, and the dates of such checks.

    h. The "devices, schemes and artifices" employed.

    i. The "untrue statements of material fact" made or omitted.

    j. The "acts, practices and courses of business."

    k. The "securities."

60. With respect to Indictment ¶ 174 specify the following:

    a. The amount of money at issue.

    b. The form of the payment, if any, that John Doe #4 made as a result of these allegations; and

    c. The person to whom such money was paid.

61. With respect to Indictment ¶¶ 175-176 specify the amount of the credit extended.

62. With respect to Indictment ¶ 212 specify the following:

    a. The others with whom defendant acted.

    b. The amount of money defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

Case 1:08-cr-00076-JBW   Document 868   Filed 06/25/08   Page 17 of 19 PageID #:
4043
Case 1:08-cr-00076-JBW   Document 621   Filed 04/23/2008   Page 15 of 17

A.U.S.A. Joseph Lipton
April 22, 2008
Page 15 of 17

    c. The amount of money defendant abstracted or converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    d. The amount of the funds defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

    e. The amount of the funds defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    f. The securities defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

    g. The securities defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    h. The amount of premiums defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

    i. The amount of premiums defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    j. The amount of credits defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

    k. The amount of credits defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    l. The property defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

    m. The property defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    n. The other assets defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund.

    o. The other assets defendant embezzled, stole and abstracted and converted from the International Brotherhood of Teamsters Local 282 Pension Fund.

    p. The funds connected to the employee benefit plans referenced in the Indictment.

    q. With respect to each of the above, specify the member of the International Brotherhood of Teamsters Local 282 and/or other non-union person who performed

A.U.S.A. Joseph Lipton
April 22, 2008
Page 16 of 17

      the services that gave rise to any money, funds, securities, premiums, credit, property, and other assets that defendant is alleged to have converted or otherwise misappropriated from the Union.

63. With respect to Indictment ¶¶ 213-215 specify the known "others" with whom defendants allegedly acted or conspired. In addition, specify the following:

    a. The "scheme and artifice" employed.

    b. The names of the employees covered by labor contracts with Local 282 from whom the "scheme and artifice" was designed to defraud and obtain money.

    c. The employees on whose behalf contributions were made to Local 282 and the amounts and dates of such payments.

    d. The names of the employees in whose name defendant allegedly submitted false information regarding the number of hours worked.

    e. The dates on which such employees allegedly worked that were not reported.

    f. The dates on which remittance reports were placed in the mail.

    g. The accounts on which checks were drawn, the amounts of such checks, the number on each such check, and the dates of such checks.

    h. The "devices, schemes and artifices" employed.

    i. The "untrue statements of material fact" made or omitted.

    j. The "acts, practices and courses of business."

    k. The "securities."

A.U.S.A. Joseph Lipton
April 22, 2008
Page 17 of 17

## CONCLUSION

These requests are continuing in nature. Feel free to contact us with any questions as to their meaning or scope. Thank you in advance for your prompt response.

Sincerely,


_____/s/_____
Seth Ginsberg
225 Broadway, Suite 715
New York, NY 10007
212-537-9202
*Attorney for William Scotto*

Charles F. Carnesi
1225 Franklin Avenue, Suite 325
Garden City, NY 11530
516-512-8914
*Attorney for Anthony Licata*

Dominic Amorosa
521 Fifth Avenue, Suite 3300
New York, NY 10175
212-406-7000
*Attorney for Gino Cracolici*


cc: All Counsel (via ECF)