**JOSEPH W. RYAN, JR., P.C.**

ATTORNEYS AT LAW

JOSEPH W. RYAN, JR.

AMIT SONDHI

October 3, 2008

1425 REXCORP PLAZA
UNIONDALE, N.Y. 11556-1425
516-663-6515
TELECOPIER: (516) 663-6644
WEBSITE: JoeRyanLaw.com
joeryanlaw@earthlink.net

The Honorable Jack B. Weinstein
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Domenico Cefalu, No. 08-76 (JBW)

Dear Judge Weinstein:

We agree with the Government's submission --and disagree with the Probation Department's recommendation-- that the only question to be resolved is whether the $8000 Mr. Vollaro paid to a co-defendant should result in an order of restitution entered against Mr. Cefalu and his co-defendants under joint and several liability.

On that issue, we respectfully submit that an order should not be entered because Mr. Vollaro is not a "victim" within the meaning of MVRA, and there is no showing that Local 325 has anything whatever to do with the $8000 paid by Mr. Vollaro.

At the time Mr. Vollaro made the $8000 payment, he was facing a 10-year mandatory jail sentence under 21 U.S.C. § 841 (b) (1) (B) as a result of having been charged in possession of ½ kilo of cocaine in January 2005. Section 841 imposes a mandatory 10 year sentence upon a defendant charged with possession of one-half kilo of cocaine who has previously been convicted of a narcotic offense. Mr. Vollaro, a twice convicted felon (including narcotics) and soldier in the Gambino crime family choose to "implement his proactive cooperation" in order to extricate himself (Gov. ltr.10/2/08 at 2). Rather than being "proximately harmed" by Mr. Cefalu, as required by 18 U.S.C. § 3663, the undisputed facts show that Mr. Vollaro suffered no financial harm because he was, in effect, more than "willingly" to make the payments, as part of his effort to buy "freedom" from his predicament.

We further note that no victim affidavit statement has been submitted by Mr. Vollaro as suggested by § 3664 (d) (2) (A) (vi). Instead, it appears that the prosecution has undertaken his advocacy without allowing this Court to examine the underlying circumstances. We respectfully submit that the Court should infer from the absence of Mr. Vollaro's s affidavit that he was not proximately harmed by the payments, and that no restitution order is appropriate.

JOSEPH W. RYAN, JR., P. C.

      It would be an anomaly to allow Mr. Vollaro to recover payments that he could not recover in a civil suit against Mr. Cefalu.  The Second Circuit has held such a result is not authorized by the MVRA. <u>United States v. Reifler</u>, 446 F.3d 65, 137 (2d Cir. 2006). The MVRA was not intended to give more rights to Mr. Vollaro than he would have had in a civil suit.

      Finally, since the PSR fails to provide this Court with any financial information on Mr. Cefalu, we enclose a financial affidavit—to be executed by Mr. Cefalu—showing his destitute financial condition.

      We look forward to the Government's presentation on Monday, October 6, 2008 at 10:00 a.m.

Respectfully submitted,

JOSEPH W. RYAN, JR.

2