# EXHIBIT 3

JL:DDB
F. #2007R00730

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

FRANK CALI,

              Defendant.

- - - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

No. 08 CR 76 (S-1) (JBW)

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and FRANK CALI (the "defendant") agree to the following:

        1.   The defendant will plead guilty to Count 38 of the above-captioned indictment, charging a violation of 18 U.S.C. § 1951(a). The count carries the following statutory penalties:

           a.   Maximum term of imprisonment: 20 years
(18 U.S.C. § 1951).

           b.   Minimum term of imprisonment: 0 years
(18 U.S.C. § 1951).

           c.   Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. §§ 3583(b), (e)).

           d.   Maximum fine: $250,000 or twice the gross profits
(18 U.S.C. § 3571).

2

    e.    Restitution: mandatory, in an amount to be determined by the Court (18 U.S.C. §§ 3663 and 3663A).

    f.    $100 special assessment (18 U.S.C. § 3013).

    g.    Other penalties: N/A

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates the likely adjusted offense level under the Guidelines to be level 15, which is predicated on the following Guidelines calculation:

| | |
|---|---|
| Base Offense Level (2B3.2(a)) | 18 |
| Plus: Express or implied threat (2B3.2(b)(1)) | +2 |
| Plus: Loss of more than $10,000 (2B3.2(b)(2)/2B3.1(b)(7)(B)) | +1 |
| Less: Minor participant (3B1.2(b)) | -2 |
| Less: Acceptance of responsibility (3E1.1(a)) | -2 |

3

    Less: Global disposition (5K2.0)               -2[1]

    Total:                                              15

This level carries a range of imprisonment of 18 to 24 months, assuming that the defendant falls within Criminal History Category I. If the defendant pleads guilty on or before June 6, 2008, the government will move the Court, pursuant to U.S.S.G. § 3E1.1(b), for an additional one-level reduction, resulting in an adjusted offense level of 14. This level carries a range of imprisonment of 15 to 21 months, assuming that the defendant falls within Criminal History Category I. The defendant agrees to the above Guidelines calculation, except the defendant may challenge the applicability of the two-point enhancement pursuant to U.S.S.G. § 2B3.2(b)(1) and the one-point enhancement pursuant to U.S.S.G. §§ 2B3.2(b)(2) and 2B3.1(b)(7)(B), which the government has the right to oppose. The defendant further agrees not to move for a downward departure.

        3.    The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from

---

[1] Pursuant to paragraphs 7 and 8 below, the defendant may be eligible for an additional one-level reduction for a global disposition under U.S.S.G. 5K2.0 (for a total of three "global points").

4

the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement. If the Guidelines calculation of the Court is different from the Guidelines estimate set forth in paragraph 2, the defendant will not be entitled to withdraw the guilty plea.

4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 24 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

5

5. The Office agrees that:

    a. no further criminal charges will be brought against the defendant for his participation in the extortion conspiracy and extortion relating to the NASCAR construction site in or about and between January 2006 and January 2008 (as charged in Counts 38 and 39), it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining count of the indictment and the underlying indictment with prejudice;

and, based upon information now known to the Office, it will

    b. take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

    c. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above, and (b) the provisions of paragraph 5(a)-(c).

6. This agreement does not bind any federal, state,

6

or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

7. This agreement is conditioned upon the following: if the defendant (a) signs this agreement on or before May 30, 2008, (b) enters a plea of guilty on or before June 6, 2008, and (c) the plea is accepted by a United States District Court Judge at or before the time the defendant is sentenced, then the defendant is eligible to receive a reduction for Global Disposition pursuant to U.S.S.G. § 5K2.0, in accordance with the terms of paragraph 8 below.

8. This agreement is conditioned upon the following: if the defendant fulfills the terms of paragraph 7 above, the defendant is eligible for the following Global Disposition pursuant to U.S.S.G. § 5K2.0: (a) if 15 or more of the defendants listed below (the "covered defendants") enter pleas of guilty pursuant to plea offers by the government and those pleas are accepted by a United States District Court Judge before the time the defendant is sentenced, then the defendant is entitled to a one-level reduction; (b) if 40 of the "covered defendants" enter pleas of guilty pursuant to plea offers by the government and those pleas are accepted by a United States District Court Judge before the time the defendant is sentenced, then the defendant is

7

entitled to a two-level reduction; and (c) if 52 of the "covered defendants" enter pleas of guilty pursuant to plea offers by the government and those pleas are accepted by a United States District Court Judge before the time the defendant is sentenced, then the defendant is entitled to a three-level reduction. The covered defendants are:

|  |  |
|---|---|
| (i) | Joseph Agate |
| (ii) | Vincent Amarante |
| (iii) | Jerome Brancato |
| (iv) | Thomas Cacciopoli |
| (v) | Frank Cali |
| (vi) | Nicholas Calvo |
| (vii) | Joseph Casiere |
| (viii) | Mario Cassarino |
| (ix) | Domenico Cefalu |
| (x) | Joseph Chirico |
| (xi) | Joseph Corozzo |
| (xii) | Gino Cracolici |
| (xiii) | John D'Amico |
| (xiv) | Sarah Dauria |
| (xv) | Anthony Delvescovo |
| (xvi) | Vincent DeCongilio |
| (xvii) | Leonard DiMaria |
| (xviii) | Vincent Donnis |

8

|        |                    |
|--------|--------------------|
| (xix)      | Vincent Dragonetti |
| (xx)       | Robert Epifania    |
| (xxi)      | Cody Farrell       |
| (xxii)     | Russell Ferrisi    |
| (xxiii)    | Louis Filippelli   |
| (xxiv)     | Ronald Flam        |
| (xxv)      | Joseph Gaggi       |
| (xxvi)     | Abid Ghani         |
| (xxvii)    | Anthony Giammarino |
| (xxviii)   | Richard Gotti      |
| (xxix)     | Vincent Gotti      |
| (xxx)      | Ernest Grillo      |
| (xxxi)     | Christopher Howard |
| (xxxii)    | Steven Iaria       |
| (xxxiii)   | Eddie James        |
| (xxxiv)    | John Kasgorgis     |
| (xxxv)     | William Kilgannon  |
| (xxxvi)    | Michael King       |
| (xxxvii)   | Anthony Licata     |
| (xxxviii)  | Louis Mosca        |
| (xxxix)    | Lance Moskowitz    |
| (xl)       | Anthony O'Donnell  |
| (xli)      | James Outerie      |
| (xlii)     | Vincent Pacelli    |

9

(xliii)   John Pisano

(xliv)    Todd Polakoff

(xlv)     Guilio Pomponio

(xlvi)    Richard Ranieri

(xlvii)   John Regis

(xlviii)  Jerry Romano

(xlix)    Angelo Ruggiero, Jr.

(l)       Steven Sabella

(li)      Anthony Scibelli

(lii)     Augustus Sclafani

(liii)    Joseph Scopo

(liv)     William Scotto

(lv)      Edward Sobol

(lvi)     Joseph Spinnato

(lvii)    Michael Urciuoli

(lviii)   Frank Vassallo

(lix)     Tara Vega

(lx)      Arthur Zagari

If fewer than 15 of the covered defendants satisfy the conditions under 8(a), fewer than 40 of the covered defendants satisfy the conditions under 8(b) or fewer than 52 of the covered defendants satisfy the conditions under 8(c), or if any of the covered defendants subsequently seeks to withdraw his or her guilty plea, the Office, in its sole discretion, may elect to void any or all

10

of the covered defendants' plea agreements and proceed to trial. The Office may also elect not to recommend a reduction under the Guidelines for a global disposition. No covered defendant will have the right to withdraw his or her guilty plea in any of those circumstances.

9.   No promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes all prior promises, agreements or conditions between the parties. To

11

become effective, this agreement must be signed by all signatories listed below.

Dated:   Brooklyn, New York
         May 30, 2008

                                        BENTON J. CAMPBELL
                                        United States Attorney
                                        Eastern District of New York

By:  _____
     Daniel D. Brownell
     Assistant United States Attorney

Approved by:

_____
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
Frank Cali
Defendant

Approved by:

_____
Counsel to Defendant